UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GARY DANIEL RODGERS**                                    **CIVIL ACTION**

**VERSUS**                                                 **NO. 16-14922**

**THE CITY OF JEFFERSON, ET AL.**                          **SECTION "I"(2)**

### REPORT AND RECOMMENDATION

Plaintiff, Gary Daniel Rodgers, is a prisoner currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He filed this complaint pro se on a "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." The defendants are the "City of Jefferson," "Vannoy," the Jefferson Parish President, the State of Louisiana and the "State President." Record Doc. No. 3, Complaint at page 1; Record Doc. No. 3-1, Attachment at pages 1, 4. Plaintiff alleges that the City of Jefferson "fail[ed] to inact (sic) special precautions law and/or special rules in adjudicating high profile and/or controversial infamous trials," which "sold the plaintiff's life/liberty and subjects plaintiff to tyrantal (sic) oppression with witch-hunt style trials." Record Doc. No. 3-1, Original Complaint at ¶ IV at pages 4-5.

On October 19, 2016, because of the unclear nature of his claims and because this matter was filed pro se, I ordered plaintiff to file a detailed, written statement providing facts and other details about the alleged constitutional violations on which his claim is based. Record Doc. No. 6. Plaintiff's response to the order contains more of the same allegations about the defendants' "failure to statutorily inact (sic) special law pursuant

to high profile and/or infamous controversial cases in less than metro-class-cities, prejudicing criminal trials and proceedings." Record Doc. No. 9 at page 2. Under the broadest possible reading, plaintiff indicates that he was convicted on April 30, 2015, as the direct result of a "precondition[ed] pattern and prejudice" caused by the failure of the defendants to enact special laws regarding high-profile criminal cases. Id. at page 3. He seeks "compensation of recourse" as relief. Record Doc. No. 3-1, Original Complaint, page 4 at ¶ IV, page 6 at ¶ V.

I.     STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges . . . the authority to dismiss a claim based on an

indisputably meritless legal theory.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate . . . ." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

In this case, plaintiff's Section 1983 complaint must be dismissed either under 28 U.S.C. § 1915A as legally frivolous because it lacks an arguable basis in law, seeks monetary relief from immune defendants, and otherwise fails to state a cognizable Section 1983 claim under the broadest reading[1] or as barred by Heck v. Humphrey, 512 U.S. 477 (1994).

II.     CLAIMS AGAINST THE GOVERNOR AND "VANNOY"

Plaintiff has named the "State President," also referred to as the Governor (Record Doc. No. 3, Complaint at page 2), as a defendant.  His only reference to the Governor is that he is a public official named "to illustrate case of pattern of procedure that only high

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

ranked official in these said offices can address." Id.  He also has included the name "Vannoy" as a defendant with no other descriptive information or actual claim against this person.  Because his claims appear related to his conviction and the procedures related to it, and since Rodgers is in custody in the Louisiana State Penitentiary and the warden of that facility is Darrel Vannoy, it is obvious that the named defendant is Warden Vannoy.  Whether these defendants are named in their official or individual capacities, all claims against the Governor and the Warden must be dismissed as legally frivolous.

To the extent plaintiff seeks to sue the Warden or the Governor in their official capacities, state officials in their official capacities are not "persons" subject to suit under Section 1983 with respect to claims for monetary compensation like that sought by plaintiff.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Stotter v. Univ. of Tex., 508 F.3d 812, 821 (5th Cir. 2007).  Moreover, because a Section 1983 claim against a state official in his official capacity for monetary damages is actually a claim against the State itself, such a claim is barred by the Eleventh Amendment.  Williams v. Thomas, 169 F. App'x 285, 286 (5th Cir. 2006).  Under Section 1915A, plaintiff's suit against these defendants must be dismissed as frivolous.

In an individual capacity, plaintiff does not allege that the Warden or the Governor were personally involved in any way in the alleged acts or omissions upon which his claims are based or that he had any knowledge of them.  To hold either the Warden or

the Governor liable, plaintiff must establish either that each defendant was "personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [the defendant] . . . and the alleged constitutional violation." Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981); accord Cox, 281 F. App'x at 391; Kohler, 470 F.3d at 1115.  In the instant action, plaintiff has failed to establish either that the Warden or Governor were personally involved in any acts causing the deprivation of his constitutional rights or that a causal connection exists between any act by either defendant and the alleged constitutional violation.

Plaintiff has not identified any subordinate or employee of the Warden or Governor sufficient to establish any basis for supervisory liability.  A supervisory official may be held liable for his subordinates' actions only if the official implemented an unconstitutional policy that causally resulted in plaintiff's injury.  Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95 (1978); Thompson v. Johnson, 348 F. App'x 919, 921 (5th Cir. 2009) (citing Mouille v. City of Live Oak, 977 F.2d 924, 929 (5th Cir. 1992)); Gates v. Tex. Dep't of Protective & Regulatory Servs., 537 F.3d 404, 435 (5th Cir. 2008).  Without identifying a subordinate or alleging a particular custom, usage or policy for which the Warden or Governor might be constitutionally liable, plaintiff fails to state a claim for relief under Section 1983.  Monell, 436 U.S. at 691-95; Thompson, 348 F. App'x at 921-22; Mouille, 977 F.2d at 929.

No basis for liability has been made in this case against the Warden or Governor, either in their individual or official capacities. Under these circumstances, the claims against the Warden and the Governor must be dismissed with prejudice as legally frivolous.

III.     CLAIMS AGAINST THE STATE

Rodgers includes the State of Louisiana in his list of defendants, although there is no clear or conceivable statement of a basis for its liability. However, even if his allegations could somehow be construed to assert a valid claim against the State, 28 U.S.C. § 1915A provides for the dismissal of a prisoner case if it seeks monetary relief against an immune defendant.

The State of Louisiana is immune from suit in federal court under the Eleventh Amendment. Sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency unless the State has consented to be sued. U.S. Const. amend. XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Williams v. Dallas Area Rapid Transit, 242 F.3d 315, 318 (5th Cir. 2001).

Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it. La. Rev. Stat. § 13:5106(A); Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991). Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its

Eleventh Amendment immunity. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990); Earles v. State Bd. of Certified Pub. Accountants, 139 F.3d 1033, 1038 (5th Cir. 1998); Stem v. Ahearn, 908 F.2d 1, 4 (5th Cir. 1990).

Because the State of Louisiana is immune from suit and has not waived its immunity, plaintiff's claims against the State must also be dismissed with prejudice.

IV.    CLAIMS AGAINST CITY OF JEFFERSON AND PARISH PRESIDENT

Rodgers's remaining claims are against the "City of Jefferson"[2] and the Parish President. Construing his pleadings broadly, he alleges that he was convicted as a direct result of prejudice allowed by the City of Jefferson's failure to enact rules and policies related to high-profile criminal cases. These claims fail to state a non-frivolous claim under Monell and otherwise are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994).

In Monell, the Supreme Court concluded that a municipality or local government entity "cannot be held liable under 42 U.S.C. § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691. However, "a municipality or other local government may be liable under [§ 1983] if the government body itself subjects a person to a deprivation of

---

[2] It appears that Rodgers intends this claim to be asserted against the Parish of Jefferson, the place where he was convicted.

rights or causes a person to be subjected to such deprivation." Connick v. Thompson, 563 U.S. 51, 60 (2011).

A plaintiff seeking to impose liability on a local governmental entity under Section 1983 must identify a "municipal 'policy or custom' that caused the plaintiff's injury." Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (stating that "to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation." (internal citation omitted)). A plaintiff may establish liability pursuant to a municipal policy when "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986). Alternatively, "to prove § 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, 'although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.'" Brown v. City of Ft. Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988)).

Rodgers fails to provide factual allegations that establish a basis for <u>Monell</u> liability against Jefferson or its Parish President by identifying a policy or custom adhered to by their subordinates which deprived Rodgers of a constitutional right. Instead, Rodgers's allegations are based on legal conclusions without the necessary factual support to support a <u>Monell</u> claim. There is no need in this case, however, to give Rodgers another opportunity to further develop these claims. Because his claims question the validity of his state court conviction and current confinement, they are barred under <u>Heck</u>.

In <u>Heck</u>, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641 (1997)).

Rodgers's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479 (convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial."); Ruiz v. Hofbauer, 325 F. App'x 427, 431 (6th Cir. 2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by tampering with 'Brady exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from plaintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294 F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges."); Penley v.

Collin Cnty., 446 F.3d 572, 573 (5th Cir. 2006) ("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.").

Rodgers's pleadings indicate that he was convicted on April 30, 2015, and at the time he filed this complaint, he remained in custody at the Louisiana State Penitentiary pursuant to the conviction about which he complains. Thus, any claims for relief that he asserts, challenging the veracity of his conviction, whether for injunctive relief or for damages, are barred by Heck. The dismissal of a plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for seeking monetary relief against immune defendants, or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2) or otherwise as barred by the Heck doctrine.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

        New Orleans, Louisiana, this \_\_\_22nd\_\_\_ day of December, 2016.

*[signature]*

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3]<u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.